**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

HENRY ROSEN,

                      Plaintiff,                  Civil Action No.: 3:22-cv-01207 (GTS/ML)

      v.

                                               **COMPLAINT**

KERRY BIOFUNCTIONAL INGREDIENT INC.,
a subsidiary of KERRY, INC. and KERRY
GROUP PLC,                                **Jury Trial Demanded**

                    Defendant.

-----------------------------------------------------------------X

Plaintiff Henry Rosen alleges as follows:

**COMPLAINT**

      1.      Plaintiff Henry Rosen, a former Quality Assurance Manager at Kerry's Norwich, NY location, brings this action pursuant to the New York State Human Rights Act ("NYSHRL) to redress Defendant Kerry Biofunctional Ingredient Inc.'s ("Kerry") unlawful disability discrimination.

      2.      Specifically, Kerry unlawfully revoked Mr. Rosen's reasonable accommodation to work remotely because of his leg amputation and terminated his employment.

      3.      The NYSHRL is designed to protect workers like Mr. Rosen who have or develop a disability while employed and requires employers to make a reasonable accommodation to an employee's known disability.

      4.      Yet, after a few months of providing a reasonable accommodation to work remotely, Kerry decided that it no longer wanted to follow the law and terminated Mr. Rosen's employment.

1

5. As an international company with over $7 billion in revenue, Kerry could have allowed with Mr. Rosen to continue working remotely without significant difficulty or expense.

6. And rather than provide the accommodation, Kerry forced Mr. Rosen to experience significant difficulty and expenses being unemployed while undergoing rehabilitation related to the loss of his leg.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332, as this action involves citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including employment practices alleged herein, occurred in this District.

## PARTIES

9. Plaintiff HENRY ROSEN is a citizen of Florida and former employee of Kerry Biofunctional Ingredient Inc. in Norwich, New York.

10. Defendant Kerry Biofunctional Ingredient Inc. is a Delaware corporation with its principal place of business located in Beloit, Wisconsin. Kerry Biofunctional Ingredient Inc. is a subsidiary of Kerry, Inc. and Kerry Group, plc. At all times relevant herein, Kerry Biofunctional Ingredient Inc. met the definition of an "employer" under all relevant statutes.

## STATEMENT OF FACTS

**1.    Background**

1. On September 20, 2021, Mr. Rosen was offered the position of Quality Assurance Manager at Kerry's Norwich, NY manufacturing plant.

2. On October 11, 2021, Mr. Rosen started working at Kerry.

3. On November 10, 2021, Mr. Rosen went to the hospital because of a broken ankle.

4. Mr. Rosen's condition became complicated with an infection and gangrene and had to undergo two surgeries, including having his left leg above knee amputation.

5. Kerry allowed Mr. Rosen to take time off work for the surgery and recovery.

6. On January 21, 2022, Mr. Rosen started working again.

7. Mr. Rosen worked remotely because he was still in a wheelchair, the Norwich location was not handicap accessible (e.g., there were no elevators or handicap accessible bathrooms) and he was continuing medical care.

8. Mr. Rosen was able to successfully complete his job duties with the assistance of staff on-site.

9. In May 2022, Mr. Rosen's doctor received a notice from UNUM that Kerry had requested UNUM's assistance in helping evaluate Mr. Rosen's request for accommodation under the ADA.

10. Mr. Rosen's doctor filled out the medical form and recommended remote work for six months because he was still in a wheelchair and the workspace was not able to accommodate his wheelchair.

11. On June 15, 2022, Heidi Wright, HR Business Partner, and Amanda Gutierrez, Sr. QA Manager, called Mr. Rosen to inform him that his employment was being terminated.

12. Ms. Wright simply stated that it was no longer in the interest of the Company to continue to allow Mr. Rosen to work remotely.

13. Mr. Rosen was not given any further explanation of why his ability to work remotely was suddenly ended.

14. The Company also did not engage in a good-faith interactive process to determine whether there existed accommodations for Mr. Rosen, nor did the Company offer Mr. Rosen a leave-of-absence as an accommodation so he could qualify for the Company's short-term disability benefits.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination under the NYSHRL)**
*Against Defendant Kerry.*

15. Plaintiff repeats, reiterates, and re-alleges the factual allegations set forth above, as though fully set forth herein.

16. By the actions described above, among others, Kerry. discriminated against Plaintiff because of his disability, including by, *inter alia*, revoking his remote work accommodation and terminating his employment.

17. As direct and proximate result of Kerry's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer lost wages and benefits, emotional distress for which he is entitled to an award of monetary damages.

18. Kerry's discrimination was intentional or engaged in with malice or with reckless disregard to Plaintiff's rights for which an award of punitive damages will be sought.

19. Plaintiff also seeks reasonable attorneys' fees and expenses as provided for under NYSHRL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York;

    B.    An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages, including back pay and loss of benefits;

    C.    An award of damages against Defendant in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including emotional distress related to the discrimination and job loss;

    D.    Reinstatement or an award of front pay if reinstatement is not practicable;

    E.    An award of punitive damages in an amount to be determined at trial;

    F.    Prejudgment interest on all amounts due;

    G.    An award of Plaintiff's reasonable attorneys' fees and costs; and,

    H.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 15, 2022

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: _____
Bryan L. Arbeit

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
T: (954) 694-9610
F: (954) 694-9695
barbeit@forthepeople.com

*Counsel for Plaintiff*